# Potter Title & Trust Co. *v.* Davis, Appellant.

*Landlord and tenant—Notice to quit—Notice by agent—Authority of agent—Eviction.*

In an action of replevin for goods distrained for rent, where the tenant claims that she had left the premises on a notice to quit, given by the agent of the lessor, the authority of said agent must be regarded as established, when the lessor permitted him to hold himself out as the person in charge of her property, to collect the rent, and receive requests for repairs; and where the agent was the only person representing the lessor, who had any direct business relations with the tenant.

Argued April 30, 1919. Appeal, No. 11, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1916, No. 927, on verdict for plaintiff in the case of Potter Title & Trust Company, Administrator c. t. a. of Elizabeth Mary Walker, v. Mary M. Davis and James E. Glenn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Replevin for goods distrained for rent. Before EVANS, P. J.

Verdict for plaintiff for 6 1-4 cents and judgment thereon. Defendant appealed.

The facts appear in the following opinion of the court below refusing to grant a new trial:

This is an action of replevin. The plaintiff's decedent was tenant of the defendant, and a few days prior to the first of May one Sowash, vice-president and general manager of the Kelly-Wood Real Estate Company, notified the tenant that she must remove from the premises, and on the first of May the tenant removed, and the defendant levied upon the goods of the defendant for the year's rent under the terms of the lease, and the tenant replevined the goods. I charged the jury that no matter what the actual relationship between the Kelly-Wood

Company and the defendant was, the defendant had permitted the Kelly-Wood Company to so conduct the affairs of the leasing of her property that the tenant was justified in assuming that the Kelly-Wood Company had full charge of the property, and that, therefore, if Sowash notified the tenant to leave, such act was within the apparent scope of his authority.  This is the principal reason for a new trial as urged by the defendant, and one of the things urged by the defendant is that the question of whether Sowash was acting within the scope of his authority was a question of fact for the jury and not a question of law for the court.  The facts are not in dispute.  There was no question of fact to leave to the jury, and I say this notwithstanding counsel for the defendant urges that the testimony on that subject was simply undisputed.  It goes further than that.  It was not in dispute.  In the first place, we may admit as true that Mrs. Davis signed the lease herself.  But the lease recites that Mrs. Mary A. Davis, "hereinafter called lessor, by Kelly-Wood Real Estate Company, agent, hereby leases, etc.," and immediately following the name of Mrs. Davis as signed to the lease are the words, "By Kelly-Wood Real Estate Company, agent."  This was the lease which Mrs. Walker, the tenant, got from Mrs. Davis,—or, rather, she physically got it from Mr. Sowash of the Kelly-Wood Company.  Mr. Sowash testified, and Mrs. Davis in court did not contradict him, that the Kelly-Wood Company collected the rent, that when the tenant desired any information, any repairs, or any matter concerning the premises, she came to the Kelly-Wood Company, and that after submitting the question to Mrs. Davis, whatever action was taken was taken by the Kelly-Wood Company so far as the tenant was concerned.  Now, I say, this was not only not disputed, but for all legal purposes it was admitted.  It was the testimony of the agent of Mrs. Davis and was not contradicted by her.  I say again, there was no question of fact to be submitted to the jury. In all her dealings in regard to this property the tenant

Opinion of Court below—Opinion of the Court. [72 Pa. Superior Ct.

dealt with the Kelly-Wood Company, or personally with Mr. Sowash. She had the lease which stated on its face that the Kelly-Wood Company was the agent of Mrs. Davis, which stated on its face that the lease was made by the agent, and which stated on its face, which apparently was not the fact, that the signature was placed there by the agent. Unquestionably, to my mind, when Mr. Sowash came to Mrs. Walker and notified her she must remove by the first of May, he was acting within what appeared to Mrs. Walker to be the scope of his authority as agent of Mrs. Davis.

Motion for new trial is refused.

*Error assigned* was the charge of the court.

*Thomas M. Marshall,* and with him *Thomas M. Marshall, Jr.,* for appellant.

*Richard W. Martin,* of *Beatty, Magee & Martin,* for appellee.

PER CURIAM, July 17, 1919:

The opinion of the court below in refusing a new trial fully and clearly disposed of the assignments of error urged upon this court. We find no reversible error to warrant another trial.

The judgment is affirmed.